UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2017 NOV -6 PM 2: 12

CHRISTOPHER JASON TAYLOR,

  Plaintiff,

v.                                                      CASE NO: 3:17-cv-1246-J-39MCR
                                                        <u>Jury Trial Demanded</u>
DIRECTV, LLC

  Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, CHRISTOPHER JASON TAYLOR ("Mr. Taylor" or "Plaintiff") files suit against Defendant, DIRECTV, LLC ("DirecTV" or "Defendant") and in support alleges:

## NATURE OF ACTION

1.     This is an action for injunctive relief and damages in excess of $15,000 brought by Plaintiff, Christopher Jason Taylor, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by DirecTV. Fundamentally, this case is about DirecTV's refusal to respect Mr. Taylor's personal and legal rights in its attempts to solicit television services to Mr. Taylor.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), 47 U.S.C. § 227(b)(3), and 47 U.S.C. § 227(c). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

3. Plaintiff, Christopher Jason Taylor, is a natural person, and citizen of the State of Florida, residing in Seminole County, Florida.

4. DirecTV is a corporation which was formed in California with its principal place of business and/or office for transacting its business located at 2260 E. Imperial Highway, El Segundo, CA 90245 and conducts business in the State of Florida through its Registered Agent at CT CORPORATION SYSTEM at 1200 South Pine Island Road, Plantation, Florida 33324.

5. DirecTV was calling Mr. Taylor to solicit television services.

6. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co. LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

7. Mr. Taylor hired Davis Law Firm to seek relief from the overwhelming volume of solicitation calls he is receiving from DirecTV.

## BACKGROUND

8. Between March 30, 2017, and October 27, 2017, DirecTV called Mr. Taylor's cell phone at least 33 times.

9. ***NATURE OF THE VIOLATIONS.*** Exhibit "A" displays the times and dates of some of the telephone calls made by DirecTV to Mr. Taylor's cell phone number (407) 583-7286.

10. Additionally, Exhibit "B" is Mr. Taylor's phone bill which displays the times and dates of some of the telephone calls made by DirecTV to Mr. Taylor's cellular telephone as recorded by Mr. Taylor's cell phone carrier AT&T.

11. DirecTV made at least 33 calls to Mr. Taylor's cell phone.

12.     DirecTV made at least 26 calls to Mr. Taylor's cell phone without his consent and/or after Mr. Taylor revoked consent.

13.     During at least ten of the 26 calls, Mr. Taylor asked DirecTV to stop calling him.

14.     Additionally, on at least ten occasions, Mr. Taylor asked DirecTV to put his cell phone number on DirecTV's internal do-not-call list.

15.     ***CALLS AFTER CEASE AND DESIST FROM ATTORNEY.*** On July 6, 2017, the undersigned **mailed and faxed a cease and desist letter** to DirecTV notifying them that Mr. Taylor was represented by an attorney and demanding that DirecTV stop contacting Mr. Taylor.

16.     The July 6, 2017 letter listed Mr. Taylor's name, cell phone number, and social security number for identification and provided, in part:

> **Davis Law Firm represents Mr. Christopher Taylor.... Please do not contact our client and direct all communications regarding him to our office.**
>
> **Do not contact our client or give our client's information to anybody else. Any prior permission to contact Mr. Taylor's cellular, home or business phone is revoked. Our client previously asked you to stop calling. Please contact me if you have any questions.**

17.     The July 6, 2017 cease and desist letter is attached as Exhibit "C."

18.     On July 10, 2017, DirecTV acknowledged receipt of the cease and desist letter by sending an E-Mail to the undersigned.

19.     Even after DirecTV's July 10, 2017 acknowledgment of the cease and desist letter, DirecTV continued to call Mr. Taylor to harass him.

20.     On July 17, 2017, DirecTV called Mr. Taylor's cell phone to solicit services.

21.     Following the call from DirecTV on July 17, 2017, the undersigned E-Mailed DirecTV notifying them of the violation.

22.     At that time, the undersigned stated:

> **Our client just received another call from DirecTV at 2:26 PM today. It was a pre-recorded voice. A screenshot of his phone is attached. Below are his notes:**
>
> **It was an automated voice that just said (in a female voice) "Goodbye." The call lasted 8 seconds. Attached is a screenshot of my call log from today.**

23. The July 17, 2017 E-Mail and screenshot are attached as Exhibit "D"

24. On July 17, 2017, DirecTV acknowledged the undersigned's E-Mail.

25. Yet again, on July 19, 2017, DirecTV called Mr. Taylor's cell phone to harass him.

26. Moreover, on October 27, 2017, DirecTV called Mr. Taylor's cell phone twice in five minutes in an attempt to solicit services.

27. The DirecTV calls were made over three months after DirecTV received a letter from the undersigned requesting the calls stop.

28. Despite the unequivocal request from counsel, DirecTV proceeded to call the Plaintiff **an additional four times**.

29. Despite Mr. Taylor's repeated requests, DirecTV continues to call his cell phone.

30. ***DIRECTV'S HARASSING COLLECTION PRACTICES.*** On April 24, 2017, DirecTV called Mr. Taylor's cell phone four times in four minutes and recorded an extremely degrading and harassing voice message.

31. The April 24, 2017 voice message was received from DirecTV's number (800) 531-5000.

32. In the April 24, 2017 voice message, a DirecTV representative stated:

> Uh hello, this is a follow-up call to call back Mr. Taylor to tell you that you are a loser. Because let me tell you one thing, you are a loser. Because I am calling you, and you are not picking up, and you are taking me to voicemail, so you are a loser. If you have, if you are a man Mr. Taylor, you can take the call. Loser. Loser. Loser.

33. ***DIRECTV LACKED CONSENT.*** Mr. Taylor is the subscriber and regular user of cell phone number (407) 583-7286.

34. DirecTV did not have Mr. Taylor's prior express consent to solicit services to his cell phone.

35. Even if DirecTV somehow obtained Mr. Taylor's prior express consent, shortly thereafter, Mr. Taylor revoked any consent when he asked DirecTV to "stop calling."

36. Mr. Taylor is not a subscriber of DirecTV.

37. ***DIRECTV'S PRACTICES.*** DirecTV called Mr. Taylor's cell phone using the phone numbers: 800-531-5000, 213-335-9502, and 800-519-1823.

38. 800-531-5000 is a phone number that is or was in use by DirecTV or its agents.

39. 213-335-9502 is a phone number that is or was in use by DirecTV or its agents.

40. 800-519-1823 is a phone number that is or was in use by DirecTV or its agents.

41. Each call DirecTV made to Mr. Taylor was made using an automatic telephone dialing system ("ATDS"), which has the capacity to store or produce telephone numbers to be called, without human intervention, using a sequential or random number generator; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

42. Furthermore, many of the calls at issue were placed by the Defendant using a "pre-recorded voice" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A)

43. Mr. Taylor recognized DirecTV's use of an artificial or pre-recorded voice from the pause or click Mr. Taylor heard when answering his cell phone.

44. Mr. Taylor repeatedly requested that DirecTV "stop calling," however, DirecTV continued to make calls.

45. DirecTV made at least one call to (407) 583-7286.

46. DirecTV made at least one call to (407) 583-7286 using an "automatic telephone dialing system" (ATDS).

47. DirecTV made at least ten (10) calls to (407) 583-7286.

48. DirecTV made at least ten (10) calls to (407) 583-7286 using an "automatic telephone dialing system" (ATDS).

49. DirecTV made at least fifteen (15) calls to (407) 583-7286.

50. DirecTV made at least fifteen (15) calls to (407) 583-7286 using an "automatic telephone dialing system" (ATDS).

51. DirecTV made at least twenty (20) calls to (407) 583-7286.

52. DirecTV made at least twenty (20) calls to (407) 583-7286 using an "automatic telephone dialing system" (ATDS).

53. DirecTV made at least twenty-five (25) calls to (407) 583-7286.

54. DirecTV made at least twenty-five (25) calls to (407) 583-7286 using an "automatic telephone dialing system" (ATDS).

55. DirecTV made at least thirty (30) calls to (407) 583-7286.

56. DirecTV made at least thirty (30) calls to (407) 583-7286 using an "automatic telephone dialing system" (ATDS).

57. DirecTV made at least thirty-three (33) calls to (407) 583-7286.

58. DirecTV made at least thirty-three (33) calls to (407) 583-7286 using an "automatic telephone dialing system" (ATDS).

59. Each call that DirecTV made to Mr. Taylor's cell phone was done so without the express permission of Mr. Taylor.

60. DirecTV has at least one recorded conversation with Mr. Taylor.

61. DirecTV has recorded numerous conversations with Mr. Taylor.

62. DirecTV has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

63. DirecTV's corporate policy and procedures are structured as to continue to call individuals like Mr. Taylor, despite these individuals revoking any consent that DirecTV may have mistakenly believed it had.

64. DirecTV's corporate policy and procedures provide no means for Mr. Taylor to have his aforementioned cellular number removed from the call list.

65. DirecTV has a corporate policy of using ATDS or pre-recorded or artificial voice message to solicit services to individuals such as Mr. Taylor for its financial benefit.

66. Mr. Taylor expressly revoked any prior consent DirecTV may have mistakenly believed it had for placement of telephone calls to Mr. Taylor's aforementioned cellular telephone by the use of an ATDS or pre-recorded voice or artificial voice immediately upon DirecTV's placement of the calls.

67. DirecTV never had Mr. Taylor's prior express consent for the placement of the telephone calls to his aforementioned cellular telephone by use of ATDS or a pre-recorded or artificial voice.

68. The calls made by DirecTV to Mr. Taylor's cell phone were willfully or knowingly made.

69. On April 24, 2017, DirecTV called Mr. Taylor's cell phone four times in four minutes and recorded an extremely degrading and harassing voice message.

70. The April 24, 2017 voice message was received from DirecTV's number (800) 531-5000.

71. In the April 24, 2017 voice message, a DirecTV representative stated:

> Uh hello, this is a follow-up call to call back Mr. Taylor to tell you that you are a loser. Because let me tell you one thing, you are a loser. Because I am calling you, and you are not picking up, and you are taking me to voicemail, so you are a loser. If you have, if you are a man Mr. Taylor, you can take the call. Loser. Loser. Loser.

72. The telephone calls made to Mr. Taylor's cell phone were not made for emergency purposes.

73. DirecTV called Mr. Taylor after Mr. Taylor asked to be put on DirecTV's internal do-not-call list.

74. The telephone calls made by DirecTV to Mr. Taylor's cell phone were negligently, willfully, and/or knowingly made to harass him.

75. All conditions precedent to this action have been performed or waived.

## COUNT I – VIOLATIONS OF THE TCPA

76. Plaintiff incorporates by reference paragraphs 1 through 75 of this Complaint.

77. DirecTV negligently, willfully, and/or knowingly placed non-emergency telephone calls to Mr. Taylor's cell phone.

78. DirecTV called Mr. Taylor's cell phone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice.

79. Mr. Taylor recognized DirecTV's use of an automatic telephone dialing system and/or used a pre-recorded or artificial voice, as indicated by a pause or clicking sound when Mr. Taylor answered his cell phone.

80. DirecTV called Mr. Taylor's cell phone without his prior express consent.

81. Therefore, DirecTV is in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of

Plaintiff, Christopher Jason Taylor and against Defendant, DirecTV, LLC for:

a) Damages; and

b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF THE
## FCC COMPANY-SPECIFIC DO-NOT-CALL LIST

82. Plaintiff incorporates by reference paragraphs 1 through 75 of this Complaint.

83. On April 6, 2017, Mr. Taylor asked DirecTV to put his cell phone number (407) 583-7286 on DirecTV's internal do-not-call list. 47 C.F.R. §§ 64.1200(d),(e).

84. DirecTV did not have adequate procedures in place in violation of 47 C.F.R. §§ 64.1200(d),(e).

85. Immediately following Mr. Taylor's request to be put on DirecTV's internal do-not-call list, DirecTV called Mr. Taylor's cell phone at least 26 times.

86. DirecTV failed to place Mr. Taylor's number on their company-specific internal do-not-call list in violation of 47 C.F.R. §§ 64.1200(d),(e).

87. On several occasions, DirecTV's customer service representatives told Mr. Taylor that his cell phone number was added to DirecTV's do-not-call list.

88. Additionally, several of DirecTV's customer service representatives admitted that Mr. Taylor's prior requests to be put on DirecTV's do-not-call list went unfulfilled because DirecTV's representatives failed to properly add his cell phone to their do-not-call list.

89. Mr. Taylor was on the National Do-Not-Call list. 47 C.F.R. §§ 64.1200 (c),(e).

90. DirecTV did not have reasonable procedures in place to prevent violations.

91. DirecTV knowingly or willfully called Mr. Taylor's cell phone.

92. DirecTV willfully and/or knowingly placed non-emergency telephone calls to Mr. Taylor's cell phone following his repeated requests to be put on DirecTV's internal do-not-call

list in violation of 47 U.S.C. § 227(c)(5).

93. DirecTV failed to add Mr. Taylor's number to their company-specific internal do-not-call list after acknowledging receipt that Mr. Taylor revoked any express consent to be called, in violation of C.F.R. §§ 64.1200(d),(e).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff, Christopher Jason Taylor and against Defendant, DirecTV, LLC for:

c) Damages; and

d) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

94. Plaintiff incorporates by reference paragraphs 1 through 75 of this Complaint.

95. On April 24, 2017, DirecTV called Mr. Taylor's cell phone four times in four minutes and recorded a degrading voice message.

96. The voice message from DirecTV's number (800) 531-5000 stated:

> Uh hello, this is a follow-up call to call back Mr. Taylor to tell you that you are a loser. Because let me tell you one thing, you are a loser. Because I am calling you, and you are not picking up, and you are taking me to voicemail, so you are a loser. If you have, if you are a man Mr. Taylor, you can take the call. Loser. Loser. Loser.

97. DirecTV communicated with Mr. Taylor using willfully abusive language in a manner reasonably expected to harass him in violation of Fla. Stat. § 559.72(7).

98. DirecTV had actual knowledge that it did not have a legal right to use such collection techniques in violation of Fla. Stat. § 559.72(9).

99. On July 6, 2017, Mr. Taylor's attorney sent a demand to DirecTV.

100. At that time, the undersigned told DirecTV to stop calling Mr. Taylor, and stated:

"Any prior permission to contact Mr. Taylor's cellular, home, or business phone is revoked."

101. On July 10, 2017, DirecTV sent an E-Mail to the undersigned confirming receipt of the cease and desist letter sent on July 6, 2017.

102. On July 17, 2017, DirecTV called Mr. Taylor's cell phone to harass him in violation of Florida Statute § 559.72(18)

103. Thereafter, on July 17, 2017, the undersigned contacted DirecTV and notified them of the violation.

104. DirecTV acknowledged receipt of the notice.

105. Yet again, on July 19, 2017, DirecTV called Mr. Taylor's cell phone in violation of Florida Statute § 559.72(18).

106. Furthermore, on October 27, 2017, DirecTV called Mr. Taylor's cell phone twice in five minutes in violation of Florida Statute § 559.72(18).

107. The DirecTV calls were made over three months after DirecTV communicated that they would ensure that DirecTV blocked Mr. Taylor's number.

108. DirecTV knowingly or willfully communicated with Mr. Taylor after being notified several times (orally and in writing) that Mr. Taylor was represented by an attorney, in violation of Fla. Stat. § 559.72(18).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff, Christopher Jason Taylor and against Defendant, DirecTV, LLC for:

a) Actual and statutory damages;

b) Attorney's fees, litigation expenses, and costs of suit;

c) An injunction permanently enjoining the Defendant from engaging in the violative practices; and

d) Such other or further relief as the Court deems equitable, just, or proper.

Respectfully Submitted,

DAVIS LAW FIRM

*/s/ Todd M. Davis*

TODD M. DAVIS, ESQ.
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com